# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BILLIE J. HARPER** | : | **DOCKET NO. 02-0869** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's counsel's Petition to Fix and Allow Attorney's Fees. [doc. # 21].[1] Although counsel does not so specify, it is manifest that he is seeking fees pursuant to 42 U.S.C. § 406(b). Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In applying § 406(b), the district courts are required to review contingent fee agreements to assure that they are reasonable under the circumstances. *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002). For fees within the 25 percent boundary, the burden remains with the claimant to show that "the fee sought is reasonable for the services rendered." *Id*.

---

[1] This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

The instant plaintiff obtained a favorable judgment that reversed and remanded the Commissioner's denial of benefits. (*See*, November 15, 2004, Judgment). Upon remand, the Commissioner awarded plaintiff past benefits totaling $ 99,746.25. (Pl. Exh.). Of that sum, the Commissioner withheld $ 34,192.25 for potential attorney's fees. *Id*. Plaintiff's counsel seeks recovery of 80 percent ($ 19,949.25) of 25 percent ($ 24,936.56) of the past benefit award ($99,746.25) as a reasonable fee for representation before this court. (*See*, September 19, 2006, Letter to the Court).

We begin our analysis with the fee agreement. *Gisbrecht, supra.* Counsel has submitted a July 14, 1999, Assignment of Interest and Contract of Employment for Social Security Claim ("Contract") that was signed by plaintiff and his counsel. (Pl. Exh. A).[2] The Contract states that counsel will receive 25 percent of the past-due benefits resulting from a favorable resolution of plaintiff's claims. *Id*. Under *Gisbrecht*, we must determine whether the fee specified in the agreement is reasonable. *Gisbrecht, supra.* Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht, supra.*

Here, plaintiff's counsel obtained a favorable outcome, with no indication of undue delay on his part. In his petition, plaintiff's counsel averred that he spent 88 hours in prosecuting this matter before this court and the court of appeals. (Pl. Exh.). Accordingly, if plaintiff's counsel were to receive the requested amount ($ 19,949.25) under the Contract, then he will have been compensated at an hourly rate of $ 226.70.

---

[2] The Agreement is broad enough to encompass the representation provided by counsel in this proceeding. *Id*.

Upon due consideration of all relevant circumstances, we find that the requested fees pursuant to the Contract are not unreasonable.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's Petition to Fix and Allow Attorney's Fees. [doc. # 21] be GRANTED, and that fees be fixed at $ 19,949.25.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 27, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE